J. U. HEMMI, Respondent, v. C. A. SHAW, Sole Survivor of the Copartnership of Shaw & Macdonald, Appellant.

(169 N. W. 32.)

**District court — action in — verdict — directed for plaintiff — evidence — not clear, competent, decisive — new trial.**

This case presents an appeal from a judgment on a directed verdict for $565.61. As the verdict is not sustained by clear, competent, and decisive evidence, the judgment is reversed and a new trial ordered.

Opinion filed July 25, 1918.  Rehearing denied September 25, 1918.

Appeal from the District Court of Stutsman County, Honorable *J. A. Coffey,* Judge.

Defendant appeals.

Reversed.

*John A. Jorgenson,* for appellant.

The court erred in directing the jury to return a verdict for the plaintiff. The evidence was in no manner clear or decisive, and in any event the matter of damages was a question for the jury. Kingsbury v. Joseph, 94 Mo. App. 298, 68 S. W. 93; Head v. Hargrave, 105 U. S. 45, 26 L. ed. 1028; Johnson v. Freeport, 111 Ill. 413; Aldrich v. Grand Rapids, 61 Minn. 531, 63 N. W. 1115; Ewing v. Goode, 78 Fed. 442; Andrews v. Frierson, 144 Ala. 470, 39 So. 512; Bonds v. Brown, 133 Ga. 451, 66 S. E. 156; Minchew v. Lumber Co. 5 Ga. App. 154, 62 S. E. 716; Wicks v. Loan, 150 Iowa, 112, 129 N. W. 744; Comm. Co. v. Aaron, 145 Mo. App. 307, 130 S. W. 116; Clothing Co. v. Transfer, 158 Mo. App. 481, 139 S. W. 242; Brennan v. R. Co. 230 Pa. 228, 79 Atl. 501; Mortg. Co. v. Campbell, 98 Tex. 372, 84 S. W. 424; Pierce v. R. Co. 137 Wis. 550, 119 N. W. 297; Jennings v. Stripling, 127 Ga. 778, 56 S. E. 1026; Sellers v. Knight, 185 Ala. 96, 64 So. 329; R. Co. v. Lowe, 139 Ga. 362, 77 S. E. 44; Gibbons v. R. Co. 98 Neb. 696, 154 N. W. 226; Werthcimer v. Rosenbaum, 146 N. Y. Supp. 177; Shuman v. Ruud (N. D.) 160 N. W. 507.

"The opinion of experts as to the value of services or anything not having a fixed and known marked value is not conclusive; and it is the province of the jury to weigh such testimony by reference to all the

other facts and circumstances in evidence, and judge of the weight and force of such opinions by their own common sense and general knowledge of the subject of inquiry." Stevens v. Minneapolis (Minn.) 43 N. W. 842; Kansas City Auto v. Holcker, 182 S. W. 759; Haldeman v. Berry, 42 N. W. 57; Canole v. Allen, 70 Atl. 1054.

The question of the rental value of the property was also one for the jury. Bonds v. Brown, 156 S. E. 156; Southern R. Co. v. Lowe, 77 S. E. 44.

The entire case on the material and major portion thereof is established by and rests upon expert testimony which is never conclusive. The case is one for the jury, and it is error to direct a verdict for plaintiff. Martin v. Martin, 135 Ga. 162, 68 S. E. 1095; Graham v. Graham, 137 Ga. 668, 74 S. E. 426; Jennings v. Stripling, 56 S. E. 1026; Baker v. Richmond, 105 Ga. 225, 31 S. E. 426; Brown v. Ga. Min. Co. 106 Ga. 516, 32 S. E. 601; Cross v. Coffin-Fletcher Co. 123 Ga. 820, 51 S. E. 704; Sweat v. Sweat, 123 Ga. 802, 51 S. E. 716.

*F. G. Kneeland* and *J. U. Hemmi* (*C. S. Buck,* of counsel), for respondent.

We have no quarrel with the law as announced in the Shuman Case. The rule there adopted does not go so far as to say that the uncontradicted testimony as to actual cost of materials and labor going into the construction of an ordinary dwelling house, in the necessary completion of a contract, must be submitted to the jury, in a suit on the contract, for damages resulting from its violation, in which action defendant offered no proof. Shuman v. Ruud, 160 N. W. 507; Stevens v. Minneapolis (Minn.) 43 N. W. 842.

Where damages are unliquidated and judgment is asked on default, plaintiff may prove such damages by secondary evidence. Naderhof v. Benz, 25 N. D. 165, 187, 141 N. W. 501.

The jury must be governed by the testimony and evidence, in determining any fact or facts in dispute.

"In those cases where there is no evidence tending to prove the defense or controverting the facts which entitles plaintiff to recover, the jury should then be instructed to find the issues for the plaintiff." 1 Brickwood's Sackett on Instructions to Juries, 3d ed. p. 190.

ROBINSON, J. This is an appeal from a judgment entered on a directed verdict for $565.61. The complaint avers that in May, 1916, at Jamestown in consideration of $3,100, defendant contracted to construct for the use of the plaintiff a dwelling house according to plans. and specifications, and to complete the same within ninety days from May 10, 1916. That the defendant failed to complete the construction of the house and in effect abandoned its construction in November, 1916. That to complete the same in accordance with the contract, the. plaintiff necessarily expended and paid several sums, stated in lump, amounting to $530.53. In addition he paid defendant $2,794.58. Plaintiff's loss of the use of the house was $120. Total $3,445.11. That he paid three sums, $179.35, $47.50, $27, amounting to $253.85. Total cost being $3,698.96. From that sum we subtract the agreed price of $3,100, and the balance is $598.96, for which the plaintiff demands judgment.

The plaintiff was the only witness, and in regard to several items he was not a competent witness, and his testimony was mere conjecture. It was based on hearsay. As stated in the brief of counsel for respondent: "Take, for instance, the item of $40 for painting. It was not shown the size, or surface to be painted, nor the various colors or kinds of paint used, nor the time or labor required, nor the usual wages of a painter." And the counsel is asking, How could the jury determine any other amount than that to which the plaintiff testified?

Of course the testimony gave the jury no basis for such determination, and the testimony was a mere conjecture. It was not evidence. It was a guess or estimate based on the hearsay or unsworn estimates of painters. If there were any guessing to be done, the court should have left the jury to do it; and of course the facts should have been proven by competent evidence so as to obviate the necessity of any guessing. The directed verdict is not sustained by clear and competent and decisive evidence. Hence, the judgment is reversed and a new trial granted.